UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANICE L. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00350-JAW |
| | ) | |
| REDCORAL INVESTMENTS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ATTACHMENT AND TRUSTEE PROCESS**

The court grants a plaintiff's motion for attachment and trustee process arising from a breach-of-contract dispute in the amount of $516,300 upon concluding that the defendant received notice and waived its right to a hearing, and that it is more likely than not the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and/or trustee process.

**I. BACKGROUD**

On October 15, 2024, Janice L. Lucas filed a complaint against RedCoral Investments LLC (RedCoral), alleging that RedCoral failed to make scheduled payments on three promissory notes and is in breach of an oral promise to compensate Ms. Lucas for introducing RedCoral to two lenders. *Compl.* ¶¶ 9, 13-18, 20-21 (ECF No. 1). The summons was issued on October 16, 2024 and, according to an affidavit of Richard E. Martel, a paralegal of Plaintiff's counsel, was served on RedCoral on October 18, 2024. *Summons in a Civil Action* (ECF No. 5). On November 12, 2024,

Ms. Lucas moved for entry of default. *Req. to Clerk for Entry of Default [Pursuant to] Fed.[ ]R.[ ]Civ.[ ]P. 55(a)* (ECF No. 7). The Clerk of Court entered default against RedCoral on November 13, 2024. *Order Granting Mot. for Entry of Default* (ECF No. 8) (*Default Order*).

Also on October 15, 2024, Ms. Lucas filed a motion for attachment and trustee process. *Mot. of Pl. Janice L. Lucas for Attach. and Attach. On Trustee Process* (ECF No. 3) (*Pl.'s Mot.*). With her motion, Ms. Lucas supplied a declaration in support of the motion. *Id.*, Attach. 1, *Decl. of Janice L. Lucas* (ECF No. 3-1) (*Lucas Decl.*). The Court finds that the allegations in the complaint, together with the contents of Ms. Lucas's declaration, are sufficient to establish that "the plaintiff will recover judgment in an amount equal to or greater than the aggregate sum of the attachment," in this case $516,300.00. ME. R. CIV. P. 4A(c); *see also* ME. R. CIV. P. 4B(c).

## II.   THE PARTIES' POSITIONS

The Plaintiff urges the Court to grant her motion for attachment and trustee process pursuant to District of Maine Local Rule 64 and Maine Rules of Civil Procedure 4A(c) and 4B(c). *Pl.'s Mot.* at 1-2. This Court's Local Rule 64 clarifies that a party may move for approval of attachment of property within the District of Maine "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine . . .." D. ME. LOC. R. 64. In accordance with this rule, Ms. Lucas brings her motion for attachment pursuant to Maine Rules of Civil Procedure 4A(c) and 4B(c). She avers "it is more likely than not

2

that [the Plaintiff] will succeed in [her] claims against RedCoral for Breach of Contract, specifically, failure to make scheduled payments on three promissory notes representing three loans from Lucas to RedCoral in the aggregate principal amount of $516,300." *Pl.'s Mot.* at 2 (discussing ME. R. CIV. P. 4A(c)).

Ms. Lucas directs the Court to her affidavit, which alleges that "on February 8, 2023 RedCoral executed a note in the principal amount of $140,000.00, and on January 24, 2024 executed two more promissory notes, one for $120,000.00 and the other for $250,000.00." *Id.* (citing *Lucas Decl.*). The Plaintiff submits that the entire principal amounts remain due on all three notes and adds that the periodic interest payments owed under all three notes are also "long overdue." *Id.* She says that, as the holder of all three notes, she has exercised her right to accelerate the balance due and demand immediate payment in full of the outstanding principal, accrued interest, and other outstanding charges on all three notes; "[f]or now, however, [the Plaintiff] is asking, in connection with the three notes, for attachment in an amount equal to the principal amounts of the loans only," totaling $510,000. *Id.* at 2-3.

Ms. Lucas additionally reports that RedCoral orally promised "that it would pay her 2% of the amount of every loan made to RedCoral by a lender Lucas brought to the table." *Id.* at 3. She states that, in reliance on this oral promise, she introduced two lenders to RedCoral who ultimately lent $315,000 to the Defendant. *Id.* To date, she reports, "RedCoral has paid nothing to [the Plaintiff] for generating those two loans." *Id.* Based on RedCoral's oral promise, she seeks attachment for the $6,300 finder's fee she alleges she is owed. *Id.*

3

The Plaintiff states that she is unaware of any insurance policy available to pay any award of damages that may be made to her in the instant action. *Id.*

## III.   DISCUSSION

The Maine Supreme Judicial Court has promulgated the Maine Rules of Civil Procedure, which are generally applicable to civil actions in Maine and include a chapter addressing attachment. ME. R. CIV. P. 4A; *see also* ME. R. CIV. P. 4B (on trustee process). Rule 4A(c) states:

> No property may be attached unless such attachment for a specified amount is approved by order of the court. . .. [T]he order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

ME. R. CIV. P. 4A(c); *see also* ME. R. CIV. P. 4B(c).

From the Plaintiff's complaint and declaration, the Court readily concludes that Ms. Lucas has shown it is more likely than not that she will recover judgment, including interest and costs, in an amount equal to or greater than $516,300, which is the aggregate sum of the amount she alleges she is owed pursuant to the $510,000 principal loans and the $6,300 finder's fee for introducing RedCoral to two investors. *Pl.'s Mot.* at 2-3. Ms. Lucas has stated she is unaware of any insurance policy available to pay any award of damages that may be made to her in the instant action. *Id.* at 3.

For a court to grant an order of attachment, the Maine Rules of Civil Procedure additionally require notice to the defendant and a hearing. ME. R. CIV. P. 4A(c); *see also* ME. R. CIV. P. 4B(c). If a plaintiff seeks an attachment under Maine Rules of Civil Procedure 4A(c) and 4B(c), as cited by Ms. Lucas, the "motion and affidavit or affidavits with the notice of hearing thereon shall be served upon the defendant in the manner provided by Rule 4 at the same time the summons and complaint are served upon that defendant." ME. R. CIV. P. 4A(c); *see also* ME. R. CIV. P. 4B(c). Ms. Lucas complied with part of this procedural requirement on October 18, 2024 by serving RedCoral with the motion for attachment and trustee process and Ms. Lucas's declaration. *Summons in a Civil Action* at 2-3.[1]

The Defendant is a defaulted party and has not requested or participated in a hearing. ME. R. CIV. P. 4A(c); *see also* ME. R. CIV. P. 4B(c). Rule 4A(c) addresses this scenario directly:

> A defendant opposing a motion for approval of attachment shall file material in opposition as required by Rule 7(c). If the defendant is deemed to have waived all objection to the motion as provided in Rule 7(c) for failure to file opposition material within the time therein provided or as extended, the court shall, without hearing, upon a finding that the plaintiff is entitled to an attachment under the terms of this subdivision (c), enter an order of approval of attachment in an appropriate amount.

---

[1] Summons in a Civil Action (ECF No. 5) includes the Affidavit of Richard E. Martel beginning on its second page. *Summons in a Civil Action* at 2-3. Mr. Martel's affidavit states that he is a paralegal at Petruccelli, Martin & Haddow, LLP in Portland, Maine who is over the age of eighteen years and is not a party to the instant matter. *Id.* at 2. The affidavit reports that on October 18, 2024, Mr. Martel served RedCoral "by leaving said documents with a person of suitable age and discretion at . . . [the] address being the personal residence of RedCoral Investments, LLC member Zahid Abid and the registered office of RedCoral Investments, LLC." *Id.* at 2. The affidavit further reports that the following documents were served: summons; civil cover sheet; complaint with exhibits A-E; declaration; and motion for attachment. *Id.* at 2-3.

Me. R. Civ. P. 4A(c); *see also* Me. R. Civ. P. 4B(c).

Maine Rule of Civil Procedure 7(c)(1) in turn requires that "[a]ny party opposing a motion that was filed prior to or simultaneously with the filing of the complaint shall file a memorandum and any supporting affidavits or other documents in opposition to the motion not later than the time for answer to the complaint, unless another time is set by the court." Me. R. Civ. P. 7(c)(1). Rule 7(c)(3) states "[a] party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion." Me. R. Civ. P. 7(c)(3).

Ms. Lucas filed her motion for attachment and trustee process simultaneously with her complaint; both were submitted on October 15, 2024. *Compl.*; *Pl.'s Mot.* RedCoral has filed no objection, and the Court deemed the Defendant a defaulted party on November 13, 2024. *Default Order*. The Court now concludes that RedCoral has not "file[d] material in opposition as required by Rule 7(c)" and has thus "waived all objection to the motion as provided in Rule 7(c)." Me. R. Civ. P. 4A(c); *see also* Me. R. Civ. P. 4B(c).

Based on the Plaintiff's submissions and in the absence of the Defendant's response, the Court finds that the Plaintiff has established that "it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment," here, $516,300, there being no evidence of "any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment." Me. R. Civ. P. 4A(c).

The Court makes the same findings regarding the request for trustee process. ME. R. CIV. P. 4B(c).

## IV.  CONCLUSION

The Court GRANTS the Motion of Plaintiff Janice L. Lucas for Attachment and Attachment on Trustee Process (ECF No. 3) in the amount of $516,300.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2024